case number 20-1247 union of concerned scientists petitioner versus united states department of energy mr bender for the petitioner miss carol for the respondent good morning counsel morning your honor you may proceed good morning may it please the court my name is david bender i represent the petitioner union of concerned scientists in this case ucs asked the court to vacate the department of energy's march 2020 final rulemaking order that established criteria and procedures for how the doe will handle and share category of information called critical electric infrastructure information or ceii there are two problems with doe's rules first primarily doe had no statutory authority to promulgate ceii criteria or procedures congress explicitly gave exclusive authority to do so to FERC and not to do is your view then that FERC violated the law by specifically determining not to impose criteria or procedures on DOE that's not the the basis for the argument of UCS the the problem ultimately was when DOE set its own procedures it went forth and set its own procedures rather than for example incorporating FERC's substantive criteria and substantive procedures but wasn't FERC the boss of this matter and did FERC decide necessarily it wasn't necessary to impose regulations upon DOE and and the statute said they had authority to do so if they thought it was necessary the statute i believe your honor says that that FERC will do so and FERC adopted procedures and adopted criteria as i read FERC's order declining a comment by i believe the utility industry representatives to set additional procedures applicable to DOE it declined to do so leaving it open for DOE to follow FERC's procedures either on its own on a case-by-case basis or as i said to adopt a rule you know incorporating FERC's substantive criteria substantive procedures for purposes of designations by the DOE i'm not sure you answered my question counsel but i'll i understand your point the UCS also can i ask you about article 3 standing before you get to the merits so you you've alleged informational injury as a basis for standing um supreme court has said that being denied information can qualify as a concrete injury for article 3 purposes if congress makes the injury concrete by enacting a disclosure statute giving the public rights to information along the lines of FOIA or FACA or statutes like that this is not a disclosure statute this is the opposite this is a confidentiality statute it's all about protecting information and you don't point us to anything in the statute which you say creates a right of access to information the right to access to information well first of all your honor i think that UCS has two kind of categories of injury one is informational injury as your honor points out and the other is uh kind of a a burden of accessing the information that there are through its rules DOE created kind of additional hurdles burdens um both a higher standard um that UCS needs to show to have access uh compared to FERC's rules there's also more frequent unlike FERC's rules there's there's no annual kind of clean bill of of health um to access information so that's it's imposing some kind of you know costs to the organization i'm not sure you preserved that one i'll i'll follow up on that but could you just talk about informational injury sure thanks um your honor the the statute here has has kind of or at least balances uh two interests one is is protecting information certainly and the other is to allow sharing for that information not quite it's allow voluntary sharing and the voluntariness is of the relative to the people who have the information and there's another provision in the people to share information who don't want to share information so i'm not sure i followed so what i'm looking at your honor is um in section uh d uh two right of the statute uh it provides that uh commission being FERC right um shall promulgate regulations necessary to um and then we go down to d correct let me say it down to d let's facilitate voluntary sharing uh with and between and by you know one is the government so that's the you know holder of the information once it's filed and then sub six is where ucs is sure but you're you're trying to get information i mean you wouldn't be in court the only time you come to court is if you want information that the government doesn't or some other whatever the owner of the electric facility doesn't want to give you that information by definition you're you're not seeking voluntary sharing you're seeking an involuntary disclosure order i believe what ucs is seeking is information that the FERC would voluntarily share under its rules but that doe would not voluntarily share uh under doe's rules and that that's the category um of information that by operation of FERC's rules go down well go down to so we're we're in four go down a couple of sub paragraphs to six six says nothing in this section shall require a person or entity in possession of ceii to share such information with any list of people or other person or entity any federal state political subdivision tribal authority or any other person or entity correct uh the the ability to access information then comes from i guess the then allows uh ucs and others uh the public access to information held by the government and then the question is is this does the information fall within an exception being in this case the ceii statute here's your point counsel that uh we have to assume the merits uh for purposes of standing and then the question is why do you have article three standing even assuming arguendo your view on the merits uh you don't show any declination of information again um your honor two categories right one and um i think we were going to come back to is the kind of the increased uh administrative burden of seeking well we'll get to that secondly and there's an interesting question whether it's appropriate even to raise that in a reply brief we have a couple opinions on that but let's assume let's talk about the first issue where you've shown no concrete injury in the case have you so we're showing a and because in terms of in terms of declination of information even assuming you have a right to the information i think i think that's right your honor and that's why it was played as as an increased risk i mean it was uh we're anticipating application um you know we were the case how does that how does that meet standing don't you have to show something concrete uh according to the court's uh athia's decision um a risk which which then interprets the supreme court's clapper decision a risk of future harm is sufficient to show a concrete injury um and which is what we're looking at in this case the ucs regularly uh seeks the type of information that is is covered by uh or at least that the rulemaking order suggests will be covered by a cei designation by the department of energy in which case um ucs will either have to show an affirmative national security interest in disclosing it to ucs or this is all very isn't it i don't see how that establishes article three injury and even assuming you could do that how do you meet the rightness challenge so uh i guess responding to those both of those uh your honor the a future injury is always you know in some sense uh you know speculative it's but it's nevertheless an injury um if there is a you know a substantial likelihood um that it will impact ucs and so in this case ucs says uh through its declarations um as well as its rehearing petition these are categories of information that ucs regularly and anticipates seeking in the future and based on its interpretation will be denied access to uh under doe's rules that's a future harm but it's a right to ucs the the ripeness question i guess as you get counsel before you get to ripeness um even assuming the declarations um are as they say as you suggest what about the discretion that's allowed in doe's rule uh your honor i believe the the question is um would would doe even if uh it had adopted um firks rules kind of substantive criteria and procedures couldn't uh do we nevertheless deny um access kind of under some discretionary uh room within firks firks rules um and i believe that that there's we've addressed in the reply brief uh which is you know even if there would be a similar harm under a different interpretation um you know to meet this the requirements for we need to show an injury under the rules that um that exist i guess under doe's unlawful rule um it that isn't diminished by the fact that there may be an injury a future injury similar future injury under a discretionary decision uh absent the illegal rule and quickly addressing into my rebuttal but quickly addressing um your honor's question about redressability in this case that the issue posed is the legality whether or not doe's rules meet the statutory delegation of authority and whether they are arbitrary or capricious and that issue is ripe and can be redressed by an order vacating those rules uh it doesn't require and it's not ripeness question you have two criteria the first is whether you have a pure legal issue as an avid laboratory but the second is have you been harmed are you harmed and that seems quite speculative depends how uh doe interprets a request but doe has already announced in the um a request at least to a particular set of information that ucs regularly seeks and obtains which is the oe417 form in the preamble to its final rulemaking uh doe has already announced it is going to exercise um it's uh it will find it's why do we i'm sorry your honor i'm sorry i in its preamble that it it intends to uh designate oe417 forms as ceii which then means ucs no longer has access to those which they regularly access absent a high showing of national security interest which is not required of them under first rules that's an injury um non-speculative injury that is why why until you have a denial of information that you would otherwise get you don't have an injury and i it's not clear to me you would ever have it they use the term they didn't use national security they use another term that really is synonymous right i see i'm into my i'm past my time may i please answer the judge's question thank you um the firk firks rules have a a negative determination uh a gating criteria which is it just cannot be a national security risk compared to doe's rules which is requires an affirmative showing of a national affirmative national security interest in the disclosure and there's a gulf between the two right uh where information sharing with ucs is neither a harm nor affirmatively you know in um advancing the national security interest and it's it's that um category of information that doe's rulemaking preamble says at least as to one category of forms that ucs regularly gets that it is going to deem them ceii which is then requires ucs to meet a a higher burden um and do so each time as opposed to once per year under the firks rules and those are injuries to ucs that are uh reasonably foreseeable i mean it's it's as doe's announced it's going to happen can i ask another question on injury which is there this this statute has a judicial review provision governing um specific determinations of ceii this is paragraph 11 and that seems to allow parties to go to district court and seek review of a decision and it requires the district court to examine the documents in camera to make a decision so why isn't that good enough to enable you to litigate case by case when there's a concrete dispute about specific information yeah your honor i'd see the two as as categorically different this case involves the standards that will apply and the procedures that will apply in designating and the session but but when you're in an enforcement action you can always argue that the standards are unlawful it's unclear that that that we can do that given the the standards are created through rulemaking order that's uh section 825 l says we need to challenge uh in a petition to this court within a certain period of time whereas the well but but paragraph 11 says not withstanding 825 l you can bring the as applied challenge once certain information is designated it and even if you were right we've often held and when a regulation is challenged and isn't ripe you have satisfied your obligation to uh come to the court to challenge the regulation and we would hold it until you had a concrete uh injury that was right you know i think it's eagle pitcher which we first decided that isn't that correct i believe that's correct your honor there's a um a procedural difference here as well which is some of the harm will have occurred to ucs before in the both the delay and the denial before it can be reviewed under uh section 11 and that delay uh in accessing information that it regularly relies on um is an injury uh separate from the injury of being denied ultimately whether or not ucs has access to the information so to to follow doe's rules require will require a longer delay and it will require uh additional showings uh in the effort to access the information before the decision that's reviewable under section 11 which is the denial itself all right why don't we hear from counsel for respondent and we'll give you some time on yes counsel for respondent yes good morning your honor may it please the court sarah carroll on behalf of the government uh doe and firks rules are very similar far more similar than different and for that reason petitioner cannot establish article three standing uh even putting aside the informational interest point that judge katz has raised a petitioner can't show a substantial risk or a certainly impending threat that it will be denied information it would have received under firks rule and i think it's important and related to this to clear up a couple of things that my colleague said that aren't quite right that make the rules sound more different than they are so for example mr bender said that doe announced that it intends to designate these oe 417 forms as ceii but that's simply not true doe adopted the same substantive criteria for designating ceii that firk adopted if you look at the regulatory provisions doe expressly incorporated the provision establishing firks criteria and doe made clear in the preamble to the final rule and in its rehearing order that it will designate information by applying those criteria on a case-by-case basis so i understand counsel your argument that if you put the two rules side by side there are a lot of similarities but obviously the department thought it was necessary to promulgate a separate rule so it wasn't just doing the same thing as firk and counsel has pointed to a couple of things in its brief and this morning and i think you have to address those don't you uh there are your answers yeah i agree that there are differences the rules are not identical uh for one thing first on putting a before i get to the the more substantive differences your honor referred to there are of course formalistic different changes that need to be made forks rule refers to for example firk ceii coordinator doing things and that wouldn't make sense in the context of a doe rule but uh so for example this national security provision that's in doe's rule uh this is another one of the things that i wanted to clear up because i think this is another area in which petitioner is kind of seeing a difference between the rules that isn't really there it's true that firk's rule does not include that language uh but firk's rule says that in deciding to whether to share a ceii firk ceii coordinator is to balance the requester's need for the information against the sensitivity of the information well yes but the department's rule puts the burden on the requester all right so that's the difference here isn't it well the important clarification that i want to make your honor is that uh contrary to petitioner's reading the department's rule does not require the a requester to make an affirmative showing that disclosure would help national security the just the requester has to show that disclosure would not hurt national security but as we i think we we mentioned this so the answer to my question is yes the burden is on the requester to show that releasing the requested information would not harm national security to prove a negative basically um i think that's right your honor but i think that is true of firk's rule as well i do not i i i can't speak for firk of course but i would be very surprised if firk uh released ceii without having received what it viewed as adequate assurance that release of the information would not hurt national security excuse me counsel you as you as you uh quite interesting just pointed out you can't speak for firk uh that raises the question that we asked you to address yes is firk a necessary party here um your honor we don't think that firk is the proper respondent or a necessary party here i would start with this court's decision in hoopa valley tribe v firk which held that federal rule of civil procedure 19 addressing joinder does not apply in this court and instead the governing rule is rule 15 of the rules of appellate procedure which is that which is silent on the question which is silent on the issue right um this court held in hoopa valley that the proper respondent under rule 15 is the agency that issued the order and here as i think you you noted but that's a distinguishable case isn't it because here the crucial decision was made based on the statute uh firk made the decision that it wasn't necessary to impose the same criteria or procedures on zeoe and that that was a chevron deference kind of question wasn't it whether it was necessary or not i agree your honor that uh i think a lot of petitioners complaint here really comes down to what firk did in 2016 and firk's decision that it was not necessary to bind doe with criteria or procedures but petitioner could have challenged firk's rule at the time it was issued petitioner participated in the rule did not address this issue did not file a rehearing petition did not file a petition for review within 60 days as required by section 825l now you're now you're suggesting that uh he should have challenged firk that firk was uh a necessary party even though our law our rules don't address it one way or another well i'm saying your honor that if petitioner was unhappy that firk did not regulate doe petitioner had ample opportunity to challenge what firk did but petitioner made clear that they do not challenge firk's decision and i think your honor is right that given firk's decision that it was not necessary to establish regulations binding doe uh doe was well within uh its authority to uh use the discretion that firk expressly left it for example firk's rehearing order on its rule makes very clear that firk does not think that doe is required to change its regulations or to uh you know to uh or it's precluded from designating ceii in accordance with the statute uh and doe was well within its authority to issue its rule uh sort of as a matter of good government to tell members of the public how it left with it but uh but doe did adopt at least arguably your position the same criteria as uh firk had adopted yes as opposed to procedures uh that's right your honor the criteria are the same the procedures are slightly different not very different um and for that reason as i as i was saying earlier petitioner can't establish standing to even bring this statutory argument or any of its other claims because it can't show that these very small differences in the procedures will actually lead to the denial of information it would have received under firk's well if i can just go back to the point i'm trying to understand here is i understand your view or the department's view is that uh these two ways of implementing the statute are really very similar all right yes but they're not identical you acknowledge that i do acknowledge and in responding just before judge silverman came back to the necessary party issue you said you'd be surprised if firk would release documents that are requested without making a determination that this would not adversely affect national security and that may well be so but the question here is who has the burden and you're not suggesting as i read your brief that the requesting party would have the burden in submitting a request to prove this negative firk and do that that that bars the request in effect um so a couple of responses your honor first both firk and do we require that people requesting c at ceii submit a detailed written request explaining why they need the information how they will protect it how they will use it and that is that requires the requester to establish among other things that it can take good care of the information i another important point that i want to note at this at this juncture is that a petitioner did not even mention this national security provision in its rehearing petition before doe and this court has made very clear that 825l the statutory provision under which petitioner seeks judicial review imposes an unusually strict exhaustion requirement so having failed to raise this before the agency a petitioner can't press it before the court but even if petitioner could uh firk and doe both require put the put the onus on a requester to show that its access to this information won't cause harm um so i think you make a nice point on the national security argument but i wonder about um the lack of annual designation and and then that type of thing i mean these are going to be very as i would understand it uh fairly burdensome requirements uh if you're broaching anything that may come close to national security whether the rule says anything about it or not i mean the whole rule is designed to provide protection um so to the extent there are differences um your point as i understood it is even if there are differences for purposes of standing there's no showing here that that any request would be denied under the doe rule uh that wouldn't be denied under the firk rule yes and isn't that the major hurdle here for i shouldn't ask you but for the um csi petition uh yes i think that's one of probably the major hurdle there are other major hurdles uh on the i'm glad your honor mentioned the burden point because i wanted to be sure to note that petitioner indeed did not make these burden arguments related to standing in the opening brief our brief therefore doesn't address it because it wasn't raised in a timely manner um but you know even if they had raised it uh the rules of doe's rule does not impose a larger burden on a significantly larger burden on petitioner than firks rule would and i could explain that if it would help the court um but it's also just not preserved um i want to be sure i address any other questions the court might have um can you just assume it's a big assumption but assume we get to the merits how um how do you justify any differences in the designation standards statute seems clear as can be that burke is has an obligation to promulgate the criteria and processes for designation and firk and doe may designate pursuant to those criteria and processes um i want to be sure that i'm understanding your honor's question are you just asking how we read that language to give doe authority to issue its own rule or are you wondering its own rules that are different from firks right well as i was discussing with judge silberman firk decided that it was not necessary to bind doe and that it would be better not to do so in light of differences between their activities and their missions uh and so firk therefore uh left doe with room to designate ceii uh through you know as it saw fit uh and there are minor differences as i was discussing with judge rogers between the procedures though not the criteria for designating ceii but doe explained that it adopted those differences primarily because uh doe receives much of the ceii or clean ceii in its possession through voluntary submissions so as i understand it doe does a lot of cooperative work with outside entities to try to work together to protect uh the the energy infrastructure and that's something that congress clearly cared a lot about in the fast act for example subsection e of the statute emphasizes uh that doe is supposed to that the agencies are supposed to work you know to communicate as much as possible with other entities as they can to cooperate on these and so doe did make some small tweaks to its procedures to i think in the interest of kind of giving entities submitting very sensitive information a little comfort that a little you know perhaps more comfort that uh it wouldn't be disclosed uh without at least thoroughly airing the issues and making sure that disclosure wouldn't pose uh you know big problems um but that is well within uh the discretion that firk left to doe uh which is consistent with the statute i mean i i understand that's your position but the statute seems to require doe to use firk's criteria the way we read that language i understand your point your honor but the way your theory your theory has to be that there's some general default grant of rulemaking authority within doe that they can enlist to supplement the standards that govern ceii and that just seems very strange when the ceii system is very specific is self-contained in this statute has a lot of detail and contemplates coordination and some degree of hierarchy as between firk sort of over and directing doe i agree that the statute contemplates that firk will be in in some ways at least sort of in charge of the ceii enterprise uh and i i don't think we would contend that doe could structure its ceii program in a way that firk didn't want it to or had told it not to do but we think that doe is uh adopt is a act of designating ceii pursuant to firks uh rule when essentially you know in its rulemaking firk said we don't think need to adopt uh things that would bind doe and we're going to leave doe discretion and doe is acting pursuant to that decision but your point is you argue that the criteria that doe has adopted is the same uh that's your position the procedure the procedure only the procedures are different yes and only slightly different yes right but the statute at every critical term talks about criteria and processes together as things that some things are done by firk and doe can designate under rules criteria and per criteria and processes established by firk that's true um but again firk in making its rule decided to leave doe with uh with latitude to make these discretions and even if petitioner were right that doe should instead be applying firks very slightly different procedures uh not that things would there's no there's certainly no good reason to think things would come out significantly differently which i think is relevant to the merits but also to this brings us back to standing okay thank you all right anything further counsel um nothing unless the court has more questions all right thank you thank you so we'll hear from counsel for sure give you another two minutes thank you your honor i wanted to address a couple of statements um that are are incorrect at least based on my reading uh from my colleague the the statement that there's no affirmative showing required by doe's rules in order for that can't be squared with the rule that the agency wrote um subsection j2 of doe's rules specifically says a request by a non-federal entity that ucs shall not be entertained unless requesting non-federal entity demonstrates that the release of information is in the national security interest that requires that's an affirmative showing and the burden rests on ucs to make it each and every time it seeks to access ceii that's categorically different so what about the forfeiture argument your honor the this issue is um the the specifics um of this rule is a question of access who can access and under what conditions and that was specifically preserved in the rehearing petition um at ja36 um ucs says they have effectively no means to access ceii under doe's rules unlike firks and it was so i guess the argument is you may have made the broad statement but you didn't alert the agency to the specifics that you're concerned about and the court your honor i believe if you look at the response at ja10 where um doe responds to this they cite the specific they cite doe's rule j2 and they cite firks not really the same but kind of analogous in um 388 113 g and compare the two it was enough and firks response shows that it was did see that i'm out of time thank you your honor and we asked i'd like to ask one last question why did you not forfeit the burden argument when you only raised it in the reply brief uh similar to my response to to judge rogers which is we we raised the inability of ucs to access information once it's designated as ceii in the opening brief and then as the argument the standing argument was made um you know that we i guess put more uh detail to it and and the the j2 subsection is more detailed but it falls within the overall isn't there a difference between denial uh to information and burden in uh the information there's two different concepts aren't they they're related your honor in that if we can't meet the burden we don't get the information and that that's the problem that's a clever response nothing further thank you your honor thank you we'll take the case under advisement
judges: Rogers, Katsas, Silberman